# Bellevue Borough, et al., *v.* The Manufacturers' Light & Heat Company, Appellant.

*Municipalities—Ordinances—Acts ultra vires—Gas companies— Grant of franchise—Free supply of gas to churches—Estoppel.*

A light and heat corporation which has succeeded to the rights of certain persons who had been granted a franchise by a borough to use certain streets therein for laying their gas pipes on condition that they furnish gas free to the churches of the borough may not refuse to furnish free gas while continuing to enjoy the franchise to use the streets of the borough, and in a suit brought by the borough and churches therein to enjoin the gas company from refusing to supply free gas, a defense based upon the invalidity of the borough ordinance granting the franchise is without merit, as is also a defense based upon a change in conditions since the original grant of the franchise.

Argued October 23, 1912. Appeal, No. 32, Oct. T., 1912, by defendant, from decree of C. P., No. 4, Allegheny Co., First T., 1911, No. 24, awarding injunction in case of The Borough of Bellevue, The Bellevue Presbyterian Church, The Bellevue United Presbyterian Church, The Church of the Assumption of Bellevue, The Methodist Protestant Church of Bellevue, The African Methodist Episcopal Church of Bellevue, The First Baptist Church of Bellevue, The Christian Church of Bellevue, The Church of the Epiphany of Bellevue and The Bellevue Emanuel Lutheran Church v. The Manufacturers' Light & Heat Company. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to compel defendant to furnish gas. Before SWEARINGEN, P. J.

The opinion of the Supreme Court states the facts.

*Error assigned,* among others, was the decree award-ing the injunction.

*A. Leo Weil,* of *Weil & Thorp,* with him *C. M. Thorp, S. Leo Rauslander* and *Elias Sunstein,* for appellant.— The ordinance is void as against. public policy and be-cause the grant of franchise was made to a partnership: West Chester Borough v. Tel. Cable Co., 227 Pa. 384; Millerstown Borough v. Bell, 123 Pa. 151; Penna. R. R. Co.'s Case, 213 Pa. 373; Ransberry v. Keller, 9 Pa. C. C. R. 299; Gustafson v. Hamm, 56 Minn. 334 (57 N. W. Repr. 1054); Mikesell v. Durkee, 34 Kan. 509 (9 Pac. Repr. 278); Glæssner v. Brewing Assn., 100 Mo. 508 (13 S. W. Repr. 707); State v. Trenton, 36 N. J. Law 79; Potter v. Collis, 156 N. Y. 16 (50 N. E. Repr. 413); Grand Rapids v. Railroad Co., 66 Mich. 42 (33 N. W. Repr. 15); Adams v. Ohio Falls Car Co., 131 Ind. 375 (31 N. E. Repr. 57); Natural Gas Act of May 29, 1885, P. L. 29.

Even if the contract were valid when made, it has be-come inequitable by reason of changed conditions, and evidence thereof should have been admitted: McCul-lough-Dalzell Crucible Co. v. Philadelphia Co., 223 Pa. 336.

*John M. Freeman,* of *Watson & Freeman,* with him *David L. Starr,* Solicitor for Borough of Bellevue, *Fran-cis R. Harbison, Harry F. Stambaugh,* and *D. T. Wat-son,* for appellees.—The ordinance is valid: Sandy Lake Borough v. Gas Company, 16 Pa. Superior Ct. 234; Freeport Boro. School District v. Enterprise Natural Gas Co., 18 Pa. Superior Ct. 73; Sewickley Boro. School District v. Ohio Valley Gas Co., 154 Pa. 539; Wood v. McGrath, 150 Pa. 451; Smith v. Simmons, 103 Pa. 32; Susquehanna Borough Depot v. Simmons, 112 Pa. 384; Freeport Water Works Co. v. Prager, 129 Pa. 605; Liv-ingston v. Wolf, 136 Pa. 519; McDevitt v. Gas Company, 160 Pa. 367; State v. Murphy, 134 Mo. 548 (31 S. W.

Repr. 784; 34 S. W. Repr. 51; 35 S. W. Repr. 1132); Mc-
Wethy v. Aurora Electric Light & Power Co., 202 Ill.
218 (67 N. E. Repr. 9); St. Louis v. Western Union
Telegraph Co., 149 U. S. 465 (13 Sup. Ct. Repr. 990);
Schopp v. St. Louis, 117 Mo. 131 (22 S. W. Repr. 898);
Owensboro v. Cumberland Telephone & Telegraph Co.,
174 Fed. Repr. 739.

Having accepted the benefit of the contract, appellant
is in any case estopped to deny the power of the borough
to make it: Sandy Lake Borough v. Gas Company, 16
Pa. Superior Ct. 234; New York v. Sonneborn, 113 N.
Y. 423 (21 N. E. Repr. 121); Buffalo v. Balcom, 134 N.
Y. 532 (32 N. E. Repr. 7); St. Louis v. Davidson, 102
Mo. 149 (14 S. W. Repr. 825); Jersey City v. North
Jersey Street Ry. Co., 72 N. J. Law 383 (61 Atl. Repr.
95).

The requirement that appellant furnish free gas to
churches is valid: Monongahela River Consol. Coal &
Coke Co. v. Jutte, 210 Pa. 288; Zeisweiss v. James, 63
Pa. 465; St. Patrick's Church Society v. Heermans, 68
N. Y. Misc. 487; M. E. Church & Society v. Ashtabula
Water Co., 20 Ohio Circuit Court Rep. 578; Le Mars In-
dependent School District v. Le Mars City Water &
Light Co., 131 Iowa 14 (107 N. W. Repr. 944); Hender-
son Water Co. v. Trustees of Henderson Graded Schools,
151 N. C. 171 (65 S. E. Repr. 927).

When the consent of a borough is necessary to enable
streets to be used, it may impose any conditions upon
the use thereof which are not prohibited by its charter
and are not immoral: Allegheny v. Street Railway Co.,
159 Pa. 411; Allegheny v. Gas & Pipeage Co., 172 Pa.
632; Marcoz v. Wilmerding Borough, 37 Pa. Superior
Ct. 185; Cochranton Borough v. Telephone Co., 41 Pa.
Superior Ct. 146; West Chester Borough v. Tel. Cable
Co., 227 Pa. 384; Plymouth Township v. Chestnut Hill
& Norristown Ry. Co., 168 Pa. 181; Minersville Boro. v.
Railway Company, 205 Pa. 394; McKeesport v. Pitts-
burgh, McKeesport, Etc., Ry. Co., 213 Pa. 542; Muncy

Electric Light, Heat & Power Co. v. People's Electric Light, Heat & Power Co., 218 Pa. 636; Noblesville v. Noblesville Gas & Imp. Co., 157 Ind. 162 (60 N. E. Repr. 1032).

The court was correct in excluding evidence of changed conditions: Jacksonville, Mayport, Pablo Ry. & Nav. Co. v. Hooper, 160 U. S. 514 (16 Sup. Ct. Repr. 379); United States v. Gleason, 175 U. S. 588; Kaufmann v. Kaufmann, 222 Pa. 58; McMillin v. Titus, 222 Pa. 500; Henderson Water Co. v. Trustees of Henderson Graded Schools, 151 N. C. 171 (65 S. E. Repr. 927); Le Mars Independent School District v. Le Mars City Water & Light Co., 131 Iowa 14 (107 N. W. Repr. 944); M. E. Church & Society v. Ashtabula Water Co., 20 Ohio Circuit Court Rep. 578.

OPINION BY MR. JUSTICE STEWART, January 6, 1913:

By an ordinance adopted 2d August, 1886, the Borough of Bellevue granted to J. M. Guffey & Company, a partnership, the right to lay mains, pipes and conduits through the streets of the borough for the purpose of supplying and selling natural gas for fuel, illumination and other purposes to consumers, the ordinance reciting that, "In consideration of the privileges herein granted the said J. M. Guffey & Company, their successors and assigns, shall so long as said gas is furnished through their mains and lateral lines allow all churches in said borough to take gas sufficient for their use from any of the mains or lateral lines free of cost. All public schools may take in like manner at one-half (½) of the estimated cost of coal, and the borough council may in like manner take gas at one-half the cost of coal for heating purposes, and one-half the cost of other illuminants for lighting purposes for the said borough." The Manufacturers' Light and Heat Company, here the appellant, has succeeded to all the rights and privileges of J. M. Guffey & Company under the said ordinance, and has assumed all the liabilities and engagements of

that firm thereunder. During the summer of 1910 this company caused notices to be served on the several churches here appearing as appellees, that from and after 1st September following they would be required to pay for the gas they consumed, and that except as they would agree to pay for the gas their pipes on that day would be disconnected. The churches unwilling to comply with this demand, and the Borough of Bellevue in whose right the churches claim, filed the present bill praying that the company be enjoined from denying to the churches the privilege of "free gas supply from its mains." The injunction was granted and this appeal followed.

The defense set up in the court below, and here renewed, assails directly the validity of the ordinance under which the appellees assert the right of the churches to gas free of charge. It is insisted that the ordinance is void in that (1) it offends against public policy generally by discriminating in favor of churches as against other private corporations, and (2) in that it is ultra vires, inasmuch as no duty rested upon the borough to furnish gas to consumers, and that there was no statute then in force authorizing it and empowering it to do so. It is further urged that if any obligations arose under the ordinance, it has been terminated by the action of the company in renouncing all its rights and privileges thereunder. From 1886 down to the present time the appellant company and its predecessors under whom it claims, have been in the exercise and enjoyment of all the rights and privileges which the Borough of Bellevue by the ordinance above recited assumed to grant J. M. Guffey & Company. That firm, because of its confidence in the sufficiency and validity of the ordinance, entered upon the streets of the borough with its mains and pipes, and upon completion of its plant proceeded to supply natural gas to consumers, to the borough and the public schools and churches agreeably to the terms of the ordi-

nance. The several companies succeeding in turn to these rights, including the defendant company, trusting also in the sufficiency and validity of the ordinance, continued the use of the mains and lines constructed by the original grantee and the exercise of the privileges that had been accorded, and at the same time performed all the requirements of the ordinance. The mains and pipes constructed in the streets of the borough by J. M. Guffey & Company remain where they were placed by that firm, and through them the defendant company is to-day furnishing gas to consumers in the borough. If the company has any right whatever to maintain these mains and pipes and furnish through them gas to consumers, their authority for so doing must be derived from the ordinance of 2d August, 1886, conferring such right upon J. M. Guffey & Company, successors and assigns. It is no answer to this to say that the defendant has since acquired all the rights and franchises of the Baden Gas Company which the borough had given free of such conditions as are opposed on the exercise of the Guffey franchise. The Baden Gas Company never assigned to the defendant any property rights in the mains and pipes which belonged to J. M. Guffey & Company and which defendant has continued to employ, for it had none to assign. Granted that under the franchise given the Baden Company the defendant may have the right to lay its mains and pipes in the same streets as those occupied by the Guffey lines, until it shall have done so, by a continued use of the Guffey lines it is asserting the legality of the ordinance under which the Guffey lines were constructed. While it is then in present exercise and enjoyment of the benefits conferred through the ordinance, may it be heard to assail the legality of the ordinance, in order to escape from payment of the consideration it promised, and which in fact was a condition of the grant? We think not. As we have said, that is the case here; it is not that the defendant has in the past received benefits under the ordinance, but that it is

even now exercising and enjoying—to what extent is immaterial—the very franchise which the ordinance assumed to grant, and upon the legality of which depends the defendant's right to be where it is on the streets of the borough. To allow it to deny the validity of the ordinance for the purpose of escaping from the obligation which it voluntarily assumed would be doing violence to every principle of equity. One can not be permitted, while enjoying a valuable privilege through an ordinance establishing a contract to which he was a party, be heard to repudiate the ordinance except at the expense of honesty and fair dealing. It is to beg the question to say in reply that in so holding we are giving force and effect to a void ordinance. We decide nothing as to the validity of the ordinance. Although it seems to have been sufficient to meet the purposes of Guffey & Company and its successors for more than twenty-five years, it is still open to the defendant to contest its legality; but certainly not so long as it is actually asserting a right thereunder. All we decide is that under the facts as they are presented here the defendant has no right to have the legality of the ordinance passed upon in this proceeding.

In what we have said may be found sufficient answer to the several propositions advanced in support of the appeal. The offer of evidence to show a change in conditions making the enforcement of the contract, with respect to that provision from which appellant would escape, so inequitable that a chancellor would be justified in refusing to specifically enforce it, was properly rejected. It was in effect asking for a reformation of a contract which appellant at the same time was insisting was absolutely void. The positions were glaringly inconsistent. A court never attempts to reform an instrument which cannot be enforced after it is reformed. But more than this, a mere change in conditions making the contract less advantageous to the party complaining that it otherwise would have been, is, in itself, no ground

for equitable relief from the obligation incurred. So too with respect to the alleged surrender by defendant company of the franchise under the Guffey ordinance. We have referred to the fact that defendant is still in enjoyment and exercise of the same franchise, notwithstanding its alleged surrender by resolution of its board of directors. It may not acquit itself in this way of its obligation.

The decree is affirmed and appeal dismissed.

